# EXHIBIT A

# EXHIBIT A-1

Case 4:21-cv-00214   Document 1-1   Filed on 01/21/21 in TXSD   Page 3 of 18

12/22/2020 2:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49174730
By: Patricia Jones
Filed: 12/22/2020 2:03 PM

## 2020-82304 / Court: 157

CAUSE NO._____

| | | |
|---|---|---|
| COASTAL GULF & INTERNATIONAL, INC. Plaintiff, | § § § § | IN THE _____ |
| v. | § § | DISTRICT COURT |
| INTERCONTINENTAL TERMINALS COMPANY, LLC Defendant. | § § § § | OF HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Coastal Gulf & International, Inc. (hereinafter referred to as "Plaintiff" or "CGI") who hereby complains of and about Intercontinental Terminals Company, LLC (hereinafter referred to as "Defendant" or "ITC") and for this cause of action would respectfully show the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under a **Level Two (2)** Discovery Control Plan pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.

### PARTIES

2.  Plaintiff, Coastal Gulf & International, Inc., is a Louisiana Corporation doing business in the State of Louisiana.

3.  Defendant, Intercontinental Terminals Company, is a Limited Liability Company based in Delaware, and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136, its registered office.

4. Upon information and belief, ITC is the owner of the property and facility located in Deer Park, Texas, (hereinafter sometimes referred to as "Facility"). As detailed in the Texas Secretary of State records, Intercontinental Terminals Company, LLC maintains a corporate office in Texas, located at 1021 Main St. #1150, Houston, Texas 77002-6508.

### III.

### JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant because it avails itself of the privilege of doing business in the State of Texas, and the subject matter of this action arises under the common law and statutes of the State of Texas. Furthermore, the amount in controversy is within the jurisdictional limits of this Court. Plaintiff seeks monetary relief in excess $1,000,000.00.

6. Venue is proper in Harris County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002(a)(l) because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred. Venue is proper as to Plaintiff and Defendant under Texas Civil Practice & Remedies Code § 15.005.

7. The Court has subject matter jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits.

### IV.

### FACTS

8. Upon information and belief, Tank 80-8 was an 80,000 barrel aboveground atmospheric storage tank that was owned by ITC and located at their ITC Deer Park Terminal. Tank 80-8 went into service in 1972 and was original to ITC Deer Park. The tank was leased to another company who used the tank for naphtha storage and for naphtha-butane blending operations, whereby ITC injects butane into the naphtha product using external piping and

equipment to increase the octane level of the fuel product.

9. Upon information and belief, the blending naphtha-butane blending operations were the sole responsibility of ITC and its employees.

10. Upon information and belief, on the night of March 16, 2019, two trucks carrying approximately 170 and 193 barrels of butane, respectively, were unloaded into Tank 80-8 through a pumping system equipped on the tank, starting at 7:23 p.m. and concluding at 10:29 p.m.

11. Upon information and belief, the next morning, March 17, 2019, ITC's data showed discharge pressure rising slowly from 80 to 84 pounds per square inch (psi) from 7:25 a.m. to 8:45 a.m. before dropping back down to 80 psi beginning at 9:34 a.m. At around 9:45 a.m., the data indicates a second sudden decrease in discharge pressure from 80 to 75 psi along with a decreased volume of approximately 221 barrels from 9:34 a.m. to 10:01 a.m.

12. Upon information and belief, the reduction in tank level and pressure indicated a naphtha product release that would have triggered alarms if the tank farm was equipped with a fixed gas detection system. However, the tank farm was not equipped with a fixed gas detection system. As a result, ITC personnel were not aware of the naphtha product release until the fire erupted.

13. Upon information and belief, ITC also did not equip Tank 80-8 with emergency or remotely operated isolation valves that could stop an uncontrolled release of dangerous chemicals such as naphtha. Instead, ITC operators would be required to manually close multiple valves needed to isolate a tank releasing dangerous chemicals.

14. Upon information and belief, ITC operators and emergency responders were not able to isolate Tank 80-8 in this situation due to the fire from the released naphtha preventing them from getting close to the tank and the lack of an emergency or remotely

operated isolation valve. This allowed the fire to rage on and spread to other surrounding tanks.

15. Upon information and belief, if ITC had installed fixed gas detections systems or remotely operated isolation valves, the damages caused by the naphtha leak would have been eliminated or greatly reduced.

16. On or about Sunday, March 17, 2019 at 10:30 a.m., Tank 80-8 and the naphtha being released from it caught fire. The fire spread to at least eight tanks over the next 24 hours and spread to eleven tanks over the 64 hours that the fire burned. That fire sent massive plumes of black smoke over and into the communities of southeast Texas.

17. The fire was finally extinguished on the morning of Wednesday, March 20, but reignited shortly afterwards. The fire was again extinguished. However, there was another flare-up on Thursday, March 21.

18. On Friday, March 22, 2019, there was yet another re-ignition of one of the tanks, forcing another shelter-in-place.

19. Plaintiff operates a marine cargo surveying business with a main office located at 13615 River Road, Luling, Louisiana 70070. Plaintiff also has five offices in Texas located in Beaumont, Pasadena, Galveston, Corpus Christi, and Port Lavaca.

20. The primary purpose of Plaintiff's business is to act as an independent third-party in a sale of oil and gas products. Plaintiff obtains samples of the product subject to sale then tests and certifies that the quality, quantity, and other components of the product meet the specifications that the buyer and seller of the product have agreed to. Many of the products that Plaintiff is hired to inspect are stored at bulk liquid storage terminals such as Defendant's facility at Deer Park that is subject to this suit.

21. The multiple fires and shelter-in-place orders caused by the fires prevented

Plaintiff and its customers from entering the ITC facility. Plaintiff was therefore unable to operate its usual and customary business starting on March 17, 2019. Plaintiff was not able to resume its normal and customary business at the property until April 9, 2019 due to the acts and omissions of Defendant.

22. Further, the multiple fires, shelter-in-place orders, and the chemicals that were released into the adjacent shipping channel caused multiple terminals, plants, and other facilities surrounding ITC to be unable to access the shipping channel and/or cut off access to their facilities. This caused multiple other terminals, plants, and other facilities that Plaintiff does business in to be shut down or unable to conduct their usual and customary business. As a result, Plaintiff was unable to operate its usual and customary business in these terminals, plants, and other facilities for an extended period of time.

23. As result of the ITC facility shutdown due to defendants acts and omissions and its effects on other terminals, plants, and facilities in the area, Plaintiff herein has suffered property damages, including: injury to business that resulted in lost profits, loss of creditor reputation thereof, loss of goodwill, or any combination thereof; injury to personal property that resulted in cost of repairs, loss of use, or any combination thereof; and diminution in property value.

V.

**COASTAL GULF & INTERNATIONAL, INC.'S CLAIM FOR NEGLIGENCE**

24. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein and further states as follows:

25. On the occasion in question, as more fully described above, Defendant had a duty to exercise ordinary care that would be used by any chemical company of ordinary prudence under the same or similar circumstances, and Defendant breached that duty,

including but not limited to one or more of the following ways:

a. In failing to equip its tanks with fixed gas detection systems;
b. In failing to equip its tanks with emergency or remotely operated isolation valves;
c. In failing to properly store chemicals at the ITC facility;
d. In failing to develop, implement, and maintain proper procedures for the backup refrigeration of chemicals stored at the ITC facility;
e. In failing to develop, implement, and maintain proper safety procedures and protocol concerning the safe maintenance of the highly toxic and inherently dangerous chemicals maintained at the ITC facility;
f. In failing to have adequate procedures in place to protect the safety and welfare of the community in the event of a catastrophe;
g. In failing to provide the public accurate information on the chemicals being released;
h. In failing to properly warn the public concerning the risks, and dangers associated with the highly toxic and inherently dangerous chemicals maintained at the ITC facility;
i. In failing to implement and maintain proper procedures, as established by ITC and governmental agencies regarding the safe and proper handling of chemicals at the ITC facility; and
j. In failing to adequately prepare for a major fire event, having had the knowledge that such an event was foreseeable.

26. Defendant's breaches were a proximate cause of the occurrence in question and the injuries and damages sustained by Plaintiff herein.

## VI.

### COASTAL GULF & INTERNATIONAL, INC.'S CLAIM FOR GROSS NEGLIGENCE

27. Defendant unconscionably and wantonly neglected to take the actions reasonably required to correct its past mistakes and omissions and unconscionably and wantonly neglected to reasonably protect the citizens and businesses of Harris County, Texas and surrounding communities (including but not limited to Deer Park, Pasadena, Sheldon, Channelview, Galena Park and Jacinto City) from the unreasonably dangerous condition it created and caused an extended shutdown to many businesses in the area. These acts of omission and commission included but were not limited to those as described herein.

28. Defendant committed acts of omission and commission, which constituted

malice and/or gross negligence under Chapter 41 of the Texas Civil Practices & Remedies Code, which malice and/or gross negligence was a proximate cause of the accident described herein. Plaintiff seeks exemplary damages as allowed by law in an amount to be determined at trial. These acts of malice and/or gross negligence involved an extreme degree of risk considering the probability and magnitude of harm to others, and of which Defendant had actual, subjective awareness. Nevertheless, Defendant proceeded with conscious indifference to the rights, safety, or welfare of others.

## VII.

### COASTAL GULF & INTERNATIONAL, INC.'S CLAIM FOR NEGLIGENCE PER SE

29.     Defendant's conduct described herein constitutes an unexcused breach of duty imposed by law. Plaintiff is a member of the class that the law was designed to protect. Defendant's unexcused breach of duty proximately caused Plaintiff's damages described herein.

## VIII.

### DAMAGES FOR PLAINTIFF, COASTAL GULF & INTERNATIONAL, INC.

30.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered Injury to business that resulted in lost profits, loss of credit or reputation thereof, and loss of goodwill or any combination thereof.

## IX.

### REQUEST FOR DISCLOSURE

31.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

# X.

# PRAYER

32. WHEREFORE, PREMISES CONSIDERED, Plaintiff, Coastal Gulf & International, Inc. respectfully requests that Defendant, Intercontinental Terminals Company, LLC be cited to appear and answer, and that on final trial, Plaintiff have and recover:

a. Judgment against Defendant for actual damages in an amount to be determined by the trier of fact;
b. Exemplary damages in an amount to be determined by the trier of fact;
c. Pre-judgment interest at the highest rate allowed by law;
d. Taxable costs of Court;
e. Post-judgment interest at the highest rate allowed by law; and,
f. Such other and further relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED,

By: */s/ Bryan D. Fisher*
BRYAN D. FISHER,
Texas Bar No. 24085913
6715 Perkins Road
Baton Rouge, LA 70808
Tel. (225) 766-1234
Fax. (225) 612-6813
Email: bryan@fisherinjurylawyers.com
*Attorney for Plaintiff*

By: */s/ Thomas J. Fisher*
THOMAS J. FISHER
Texas Bar No. 07064500
302 W. Broad Street
Mansfield, TX 76063
Tel. (682) 422-0009
Fax. (682) 422-0008
Email: Thomas.fisher79@yahoo.com
Attorney for Plaintiff

# EXHIBIT A-2

CAUSE NO. 2020-82304

| | | |
|---|---|---|
| COASTAL GULF & INTERNATIONAL, INC., | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| INTERCONTINENTAL TERMINALS COMPANY LLC, | § § § § | |
| Defendant. | § § | 157th JUDICIAL DISTRICT |

**DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, <u>ORIGINAL ANSWER</u>**

Defendant Intercontinental Terminals Company LLC ("Defendant") files its Motion to Transfer Venue and, subject thereto, Original Answer to Plaintiff's Original Petition (the "Petition").

### I.     Motion to Transfer Venue

Pursuant to Rule 257 of the Texas Rules of Civil Procedure, Defendant respectfully requests that venue for this action be transferred from Harris County to another county of proper venue under the Texas Civil Practice and Remedies Code. Defendant will supplement the record with a brief in support of its motion and necessary affidavit upon completion of sufficient discovery.

### II.     General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations and claims set forth in Plaintiff's Petition and demands strict proof thereof by a preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

### III. Affirmative Defenses

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because Plaintiff lacks standing to bring, in whole or in part, the claims alleged in the Petition.

3. Defendant asserts the defense of contributory or comparative negligence to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused, in whole or in part, by the negligence, fault, negligence per se, and other culpable conduct of other persons or parties who failed to exercise the requisite degree of care and caution, entitling Defendant to have the Court and jury apply the doctrine of comparative negligence established by Tex. Civ. Prac. & Rem. Code § 33.001 *et seq.* to reduce any judgment against it by the degree of negligence or fault attributable to any other person or party.

4. Defendant asserts the defense of superseding or intervening cause to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused by separate and independent events or agencies that were not the result of Defendant's actions or reasonably foreseeable to Defendant or within its control.

5. Defendant denies that the alleged injuries of Plaintiff were proximately caused by any alleged act or omission of Defendant.

6. As an affirmative defense, the evidence may show that one or more claims of Plaintiff are barred in whole or in part by the failure to mitigate damages.

7. As an affirmative defense, the evidence may show that one or more of Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

8. All conduct and activities of Defendant, as alleged in the Petition, conformed to applicable statutes, government regulations, government-issued permits, and industry standards based upon the state of knowledge at the time alleged in the Petition and/or

were taken at the specific direction of or in conjunction with or with approval or ratification by federal, state, and/or local governmental authorities.

9. Alternatively, should any amount be cast against Defendant in judgment, Defendant is entitled to a credit and off-set for any and all payments made to Plaintiff for any purpose arising out of the incident and/or claims made the subject of this litigation, including, but not limited to, settlement credits.

10. Defendant denies any liability for punitive or exemplary damages. In any event, Plaintiff's claims for exemplary damages are limited by Tex. Civ. Prac. & Rem. Code § 41.008.

11. Defendant denies any liability for punitive or exemplary damages. In any event, Plaintiff's claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Defendant's rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

12. Defendant denies any liability for punitive or exemplary damages. In any event, Plaintiff's claims for punitive damages against Defendant cannot be sustained because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness or the appropriate size of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and

3

does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

13. Defendant denies any liability for punitive or exemplary damages. In any event, a punitive damages award would violate the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the Fourteenth Amendment to that Constitution, and Article I, § 19 of the Texas Constitution.

14. Defendant reserves the right to assert other affirmative defenses, cross-claims, and designations of responsible third parties as discovery proceeds.

## IV.   Right to Amend

Defendant reserves the right to amend this Answer.

## V.   Request for Jury

Defendant requests a trial by jury and will pay the required fee in accordance with the deadlines imposed by the Texas Rules of Civil Procedure.

## VI.   Prayer

Defendant requests that this Court, after trial or final hearing of this case, enter judgment in Defendant's favor, that Plaintiff take nothing by reason of this suit, and that the Court award Defendant its costs of court and expenses and all other relief to which it is entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Russell C. Lewis*
    Russell C. Lewis
    Texas Bar No. 24036968
    Michael S. Goldberg
    Texas Bar No. 08075800
    Benjamin Gonsoulin
    Texas Bar No. 24099682
    Kelly Hanen
    Texas Bar No. 24101862
    Elizabeth Furlow
    Texas Bar No. 24109899
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    Telephone:  (713) 229-1767
    Facsimile:   (713) 229-2867
    russell.lewis@bakerbotts.com
    michael.goldberg@bakerbotts.com
    ben.gonsoulin@bakerbotts.com
    kelly.hanen@bakerbotts.com
    elizabeth.furlow@bakerbotts.com

PHELPS DUNBAR LLP

By: _/s/ Ivan M. Rodriguez_
    Ivan M. Rodriguez
    Texas Bar No. 24058977
    Marc G. Matthews
    Texas Bar No. 24055921
    J. Alan Harrell
    Texas Bar No. 24114609
    500 Dallas, Suite 1300
    Houston, Texas  77002
    Telephone:  (713) 626-1386
    Telecopier:  (713) 626-1388
    Ivan.rodriguez@phelps.com
    Marc.matthews@phelps.com
    alan.harrell@phelps.com

ATTORNEYS FOR DEFENDANT
INTERCONTINENTAL TERMINALS
COMPANY LLC

## CERTIFICATE OF SERVICE

This certifies that a copy of the above and foregoing was sent by electronic mail to the following counsel of record on this 21st day of January, 2021:

Bryan D. Fisher
6715 Perkins Road
Baton Rouge, LA 70808
bryan@fisherinjurylawyers.com

Thomas J. Fisher
302 W. Broad Street
Mansfield, TX 76063
thomas.fisher79@yahoo.com

*Attorneys for Plaintiff*

                                                          */s/ Russell C. Lewis*
                                                          Russell C. Lewis